**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John M. THARP, Defendant–Appellant.**

No. 02–10640.

D.C. No. CR–02–00054–HG.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 18, 2003.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM**

Appellant John M. Tharp appeals the order of restitution imposed by the district court following his guilty plea to being in possession of stolen mail, a violation of 18 U.S.C. § 1708. We have jurisdiction pursuant to 18 U.S.C. § 3742(a), and we affirm.

Tharp argues that the district court erred in its interpretation of 18 U.S.C. § 3663 by imposing restitution for losses sustained by the Bank of Hawaii ("BOH") when it honored forged checks negotiated by persons other than Tharp or his co-defendant Justin Knutson. We disagree.

Section 3663 provides that the district court may order restitution to any victim "directly and proximately harmed" as a result of the commission of the offense. 18 U.S.C. § 3663. Here, the district court was not unreasonable in concluding that the causal connection between Tharp's offense conduct and the BOH's loss was sufficiently strong both factually and temporally to warrant an order of restitution in favor of BOH. *See United States v. Gamma Tech Indus., Inc.,* 265 F.3d 917, 928 (9th Cir.2001). ("Defendant's conduct need not be the sole cause of the loss, but any subsequent action that contributes to the loss, such as an intervening cause, must be directly related to the defendant's conduct. The causal chain may not extend so far, in terms of the facts or the time span, as to become unreasonable.").

We also conclude that the district court had sufficient information before it to assess Tharp's ability to pay restitution. *See United States v. Lawrence,* 189 F.3d 838, 848 (9th Cir.1999) (noting that while the district court "is not required to make an express finding, it is required to *consider* ... information" regarding ability to pay) (emphasis in original).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.